ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KEVIN M. LALLY (Cal. Bar No. 226402)
Deputy Chief, Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2170
     Facsimile: (213) 894-3713
     E-mail:    kevin.lally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 07-1172-DDP |
| --- | --- |
| Plaintiff, | No. CV 14-115-DDP |
| v. | GOVERNMENT'S EX PARTE APPLICATION FOR ORDER DECLARING PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND COMPELLING DISCLOSURE OF CERTAIN ATTORNEY-CLIENT COMMUNICATIONS; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARTION OF KEVIN M. LALLY; [PROPOSED] ORDER |
| ISAAC ESTRADA GUILLEN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files this ex parte application for a court order: (1) declaring that defendant Isaac Estrada Guillen ("defendant") has waived his attorney-client privilege with respect to all communications between him and his attorney, Curt Leftwich, Esq., concerning the events and facts involved in defendant's sentencing in United States v. Sergio Pantoja, et al., No. CR 07-1172-DDP; and (2)

compelling attorney Leftwich to disclose to the government and the Court all communications with defendant concerning the events and facts involved in his sentencing that relate to the issues presented in defendant's Section 2255 motion.  This application is based upon the attached memorandum of points and authorities, the declaration of Assistant United States Attorney Kevin M. Lally, all files and records in the case, and upon such further evidence and argument as may be requested by the Court.

Dated: February 12, 2014           Respectfully submitted,

                                   ANDRÉ BIROTTE JR.
                                   United States Attorney

                                   ROBERT E. DUGDALE
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                          /s/
                                   KEVIN M. LALLY
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PROCEDURAL BACKGROUND**

Defendant Isaac Estrada Guillen ("defendant") pled guilty pursuant to a written plea agreement to separate counts of RICO conspiracy and conspiracy to commit money laundering, and ten substantive counts of money laundering.  Defendant was sentenced by this Court to 84-months imprisonment on January 10, 2013.

On January 9, 2014, defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  In his § 2255 motion, defendant argues that his counsel, Curt Leftwich, provided ineffective assistance of counsel by: (1) failing to investigate, prepare, or introduce at sentencing mitigating evidence; (2) having another attorney prepare defendant's reply to the government's sentencing memorandum; and (3) failing to properly address the Court's questioning regarding the gravity of the underlying offense and the government's purportedly inaccurate portrayal of defendant's knowledge of the murder of infant L.A.G. (CV 1).[1]

Defendant has waived the attorney-client privilege with respect to the issues raised in his § 2255 motion because he relies on communications between himself and his attorney, as well as an examination of his attorney's efforts, in support of his ineffective assistance of counsel claims.  Consequently, the government requests the Court to declare that such a waiver has occurred and order his former attorney, Curt Leftwich, to disclose to the government

---

[1] "CV" refers to the clerk's record in United States v. Isaac Estrada Guillen, No. CV 14-115-DDP.

communications with defendant concerning the events and facts involved in defendant's guilty plea and sentencing.

**II.  ARGUMENT**

Defendant claims that his counsel's tactical decisions not to pursue certain avenues of investigation or argument constituted ineffective assistance of counsel.  To make out such a claim, defendant must show that his counsel's actions were deficient, and resulted in subsequent prejudice.  <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1109 (9th Cir. 1992).  To demonstrate deficiency, "the defendant must show that counsel's actions were outside the wide range of professionally competent assistance."  <u>Id.</u> (internal quotations omitted).  A lawyer's tactical decision to pursue (or not pursue) certain avenues generally does not amount to ineffective assistance.  <u>See</u> <u>United States v. Leoni</u>, 326 F.3d 1111, 1120-21 (9th Cir. 2003); <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 672 (9th Cir.) ("It is not the role of courts to second-guess attorney's tactical decisions."), cert. denied, 537 U.S. 939 (2002).

In his motion, defendant claims that his counsel, Curt Leftwich, failed to follow through on multiple sentencing-related issues that the two had discussed.  Conversations between defendant and his counsel regarding these claims, and counsel's explanation of his strategy, may be probative of whether standards of professional competence have been met.  Accordingly, by claiming ineffective assistance of counsel, defendant has waived the attorney-client privilege.  <u>See</u> <u>Bittaker v. Woodford</u>, 331 F.3d 715, 716 (9th Cir.) ("It has long been the rule in the federal courts that, where a habeas petition raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with

his allegedly ineffective lawyer."), cert. denied, 124 S. Ct. 536 (2003); see also Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir. 1997) (defendant waived attorney-client privilege by raising effective assistance of counsel claim in a habeas proceeding); Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (attorney-client privilege waived when defendant, in § 2255 proceeding, attacked his attorney's competence in giving legal advice, and ascribed course of action to his attorney that raised specter of incompetence).  The rationale for the rule is explained in Tasby:

> A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . .  Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.  Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.  When a client calls into public question the competence of his attorney, the privilege is waived.

Tasby, 504 F.2d at 336.

**III. CONCLUSION**

Defendant waived the attorney-client privilege by raising claims of ineffective assistance of counsel, which put at issue the nature of his attorney's advice and the competency of the legal advice he received.  The government respectfully requests that the court order a partial waiver of the attorney-client privilege and compel disclosure by Curt Leftwich of all communications with defendant that relate to the ineffective assistance of counsel claims presented in

defendant's § 2255 motion, as well as any facts or events relating to those claims.

**DECLARATION OF KEVIN M. LALLY**

I, Kevin M. Lally, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in this case.

2. On February 11, 2014, I telephoned attorney Curt Leftwich and explained to him that his former client, defendant Isaac Estrada Guillen ("defendant"), had filed a Section 2255 motion that asserted ineffective assistance of counsel at sentencing. During this call, I read to Mr. Leftwich the specific allegations raised by defendant and discussed with him the fact that, after obtaining an order from this Court, I would be serving interrogatories upon him that would request information regarding the factual events underlying defendant's claims. Mr. Leftwich indicated that he understood the process and would await receipt of the order and the interrogatories.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: February 12, 2014

                                        /s/
                                        KEVIN M. LALLY